UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERI RAE WEST and ROCKLAND WEST, individually and the marital community composed thereof,<br><br>                Plaintiff(s),<br>        v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign auto insurer,<br><br>                Defendant(s). | CASE NO. 2:21-cv-00936-TL<br><br>ORDER GRANTING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT |

Plaintiffs filed suit against Defendant on several grounds related to its handling of an insurance claim from a car accident. This matter is before the Court on Plaintiffs' Motion to File First Amended Complaint for Damages. Dkt. No. 17. Having considered the relevant record, the Court GRANTS Plaintiffs' motion.

Plaintiffs want to amend their Complaint to include allegations that Defendant's recent revaluation of Plaintiffs' insurance claim to an amount exceeding the policy value and subsequent delay in payment further supports their breach of contract, Insurance Fair Conduct

ORDER GRANTING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT - 1

Act ("IFCA"), Washington Consumer Protection Act, and insurance bad faith tort claims.[1] Dkt. No. 17 at 1-2; *see also* Dkt. No. 18-1 at 11-14. Plaintiffs argue that their proposed amendments assert that Defendant failed to pay undisputed amounts due in a manner that is consistent with the holding in a recent Washington State Court of Appeals decision. Dkt. No. 18 at 1-2 (citing *Beasley v. GEICO Gen. Ins. Co.*, 508 P.3d 212 (Apr. 19, 2022)). In *Beasley*, the plaintiff raised similar insurance bad faith and IFCA claims against an insurer. 508 P.3d at 216-17. The plaintiff appealed the lower court's determination that noneconomic damages were unavailable for his IFCA claim: the trial court had granted plaintiff's motion for judgment as a matter of law because the insurer-defendant had unreasonably denied payment of benefits by failing to timely pay an undisputed amount owed. *Id.* at 225-27. The insurer cross-appealed on multiple grounds, including that the trial court erred in granting judgment as a matter of law on the IFCA claim. *Id.* at 214. The *Beasley* decision did not disturb the jury's verdict finding for plaintiff on the insurance bad faith claim based on the same actions by the insurer that constituted the IFCA violation. *Id.* at 227 (concluding "that although not all bad faith conduct constitutes an IFCA violation, we can presume under the facts of this case that GEICO's IFCA violations also constituted bad faith").

Generally, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. 15(a)(2); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). The Supreme Court has long held where "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [it] ought to be afforded an opportunity to test [its] claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also In re Tracht Gut, LLC*, 836 F.3d 1146, 1152 (9th Cir. 2016). A court should

---

[1] Plaintiffs also appear to be dropping their cause of action for negligence. *See* Dkt. No. 18-1 at 9-10.

deny leave to amend only if it finds that the amendments (1) are sought in bad faith, (2) would cause undue delay, (3) would prejudice the opposing party, (4) are repetitive of previous amendments that failed to cure a deficient pleading; or (5) are futile. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738-39 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

Defendants argue only that Plaintiff's amendments are futile.[2] Dkt. No. 21 at 6-10. An amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiff's pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Court applies the same plausibility standard as in a motion to dismiss for failure to state a claim under Rule 12. *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), *on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012). Thus, in determining plausibility the Court must accept as true all factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).

Defendant argues that the amendments are futile for two reasons: (1) because portions of the *Beasley* decision are unpublished and therefore have no precedential value per Washington

---

[2] The Court agrees that there is no evidence of bad faith, delay, or prejudice, and that this is Plaintiff's first attempt to amend. Dkt. No. 24 at 2-4. Thus, the Court will address only Defendants' arguments that the proposed amendments are futile.

ORDER GRANTING PLAINTIFFS LEAVE TO FILE FIRST AMENDED COMPLAINT - 3

GR 14.1(a) and (2) because it eventually paid Plaintiffs the full policy value plus interest. Dkt. No. 21 at 6-8.

Defendant's challenge to the applicability of *Beasley* is unavailing. Even though unpublished portions of the opinion are not binding precedent, they "may be accorded such persuasive value as the court deems appropriate." GR 14.1(a). Further, in the published portion of the decision, the *Beasley* court implicitly affirmed the lower court's determination that GEICO "unreasonably denied the payment of benefits by failing to pay" an undisputed amount in a timely manner in granting the plaintiff judgment as a matter of law on the IFCA claim. 508 P.3d at 227. Taking Plaintiffs' proposed allegations as true, as the Court must, Plaintiffs' amendments plausibly assert a claim for relief for similar reasons.

Consequently, Defendant's other argument—that it eventually paid the benefit—appears to go to what, if any, damages Plaintiffs could recover and not to refuting the plausibility of Plaintiffs' claims themselves. To the extent Defendant argues that its payment of the policy limit plus interest renders Plaintiffs' amendments futile because the *Beasley* decision allowing for noneconomic damages for an IFCA violation should not be "applied retroactively," the Court finds the issue of retroactive application was not sufficiently briefed by Defendant to be considered. *See* Dkt. No. 21 at 8. In any event, the published portion of the *Beasley* opinion regarding the availability of noneconomic damages would also go only to the amount of damages Plaintiff may recover and not to the plausibility of the underlying claims. Nothing in *Beasley* disturbed the trial court's application of current Washington law in finding GEICO liable for failing to timely pay an undisputed amount. The Court also notes that most of Plaintiff's proposed factual amendments involve actions Defendant took after the *Beasley* opinion was issued.

Defendant fails to establish that Plaintiffs' amendments would be futile. The Court therefore GRANTS Plaintiffs leave to file their proposed First Amended Complaint. Plaintiffs shall file the amended complaint **within fourteen (14) days of the date of this order.** *See* LCR 15. Defendant shall have **fourteen (14) days from the date of filing** to respond to the amended complaint. *See* Fed. R. Civ. P. 15(a)(3). All other dates and deadlines remain as scheduled and ordered.

Dated this 24th day of August 2022.

Tana Lin
United States District Judge